# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 1:09-cr-00117

TEVAS JERMAINE HILL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *pro-se* letter-form motion for a sentence reduction pursuant to the First Step Act (Document 71), as well as the Defendant's original Presentence Investigation Report (PSR). The Court has further reviewed the *Motion to Hold in Abeyance* (Document 73), wherein the Defendant requests that his motion brought pursuant to the First Step Act be held in abeyance pending the Fourth Circuit's resolution of cases presenting similar issues. His counsel notes that his case "does not involve a statutory maximum or mandatory minimum that was altered by the Fair Sentencing Act" and so "it is unclear whether he is eligible for a reduced sentence under the First Step Act." (Mot. at 2.)

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits

courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c).

On September 14, 2009, the Defendant pled guilty to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §841(a)(1). His sentencing exposure was increased by the filing of an Information pursuant to 21 U.S.C. §851 (Document 25), for a statutory sentencing range of 0 to 30 years. He was responsible for 382.725 grams of cocaine base. At the time of sentencing, that resulted in a base offense level of 32. As a result of the 2014 Amendment 782 to the United States Sentencing Guidelines, the drug quantity would now result in a base offense level of 30. The Defendant also possessed a firearm in connection with the offense, resulting in a two-level increase. However, he qualified as a career offender. Because the § 851 Information increased his maximum sentence to 30 years, the career offender provision of the Guidelines, Section 4B1.1(a), resulted in an offense level of 34 and criminal history category of VI.[1] After a three-level reduction for acceptance of responsibility, his total offense level was 31. He was sentenced to 188 months, the bottom of the applicable Guideline range.

The current Guidelines result in the same calculations: as a career offender with a statutory maximum of 25 years or more, he is subject to an offense level of 34. After a three-level reduction

---

[1] At the time of sentencing, the career offender Guideline and the drug quantity Guideline resulted in the same calculated offense level. The drug quantity would now result in a total offense level, after a two-level firearm enhancement and a three-level reduction for acceptance of responsibility, of 29.

for acceptance of responsibility, his total offense level remains 31. His criminal history category remains VI. His sentencing range remains 188 to 235 months.

Because the retroactive changes in law applicable to crack cocaine sentences do not impact the Guideline range applicable to this Defendant, the Court finds that his motion must be denied. The Court further finds that holding the motion in abeyance would be futile. Accordingly, the Court **ORDERS** that the Defendant's *pro-se* letter-form motion for a sentence reduction pursuant to the First Step Act (Document 71) and the *Motion to Hold in Abeyance* (Document 73) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 1, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA