IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 1:09-cr-00117

TEVAS JERMAINE HILL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        The Court has reviewed the Defendant's *pro-se* letter-form motion for a sentence reduction pursuant to the First Step Act (Document 71). The Court entered a *Memorandum Opinion and Order* (Document 74) denying the motion on October 1, 2019. The Fourth Circuit remanded for further consideration in light of subsequent decisions that establish that the Defendant is eligible for relief. (Documents 79-80). The Court directed the parties to submit further briefing regarding the propriety of a sentence reduction. The Court has reviewed the *Response of the United States Regarding Defendant's Eligibility for Reduced Sentence Under First Step Act* (Document 83) and the Defendant's *Memorandum in Support of First Step Act Relief* (Document 84).

        In addition to the parties' briefing, the Court has reviewed and considered the original Judgment and Commitment Order and Statement of Reasons, plea agreement, Presentence Investigation Report (PSR), opinion and briefing on a motion pursuant to 28 U.S.C. § 2255, and a

memorandum from the Probation office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c).

The Fourth Circuit has held that the mechanism for reducing a sentence under the First Step Act is 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *United States v. Wirsing*, 943 F.3d 175, 182–83 (4th Cir. 2019), *as amended* (Nov. 21, 2019). A defendant serving a sentence following conviction of violating a covered statute for which sentencing ranges were modified by the Fair Sentencing Act is eligible for relief. *Wirsing*, 943 F.3d at 182–86 (also holding that a reduction in the applicable Guideline range is not required for a First Step Act reduction). That includes defendants sentenced under 21 U.S.C. § 841(b)(1)(C) for crack cocaine offenses involving less than 5 grams or an unspecified quantity. *United States*

*v. Woodson*, 962 F.3d 812, 816 (4th Cir. 2020). "Under the Act, there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'" *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020). Courts considering a First Step Act motion recalculate the Guidelines, correcting any retroactive errors, consider the sentencing factors under 18 U.S.C. § 3553(a), and consider any grounds for a variance, including post-sentencing conduct. *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

The parties agree that the Defendant is eligible for a reduction but differ as to both his re-calculated Guideline range and the propriety of any reduction. The United States argues that the Defendant's Guideline range remains the same and that his sentence at the bottom of that range, coupled with his extensive criminal history and the large quantity of drugs involved in the offense, weigh against any reduction.

The Defendant argues that he is no longer a career offender because one of the state convictions relied upon has been vacated, an issue the United States did not address. Without scoring that now-vacated conviction, he contends that his non-career-offender Guideline range would be 140 to 175 months in prison, based on an offense level of 29 and a criminal history score of V. He acknowledges two disciplinary infractions, both involving possession of marijuana, one of which resulted in a misdemeanor plea and consecutive five-month sentence. He also notes that he completed his GED and other educational courses during his incarceration. In addition, the Defendant argues that the Court should consider the risks posed by COVID-19, particularly for incarcerated individuals. Reducing the prison population would increase opportunities for successful management. He indicates that there are current active cases at USP-Hazelton, resulting in a lockdown with inmates permitted to leave their cells only for showers.

3

On September 14, 2009, the Defendant pled guilty to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §841(a)(1). His sentencing exposure was increased by the filing of an Information pursuant to 21 U.S.C. §851 (Document 25), for a statutory sentencing range of 0 to 30 years. He was responsible for 382.725 grams of cocaine base. At the time of sentencing, that resulted in a base offense level of 32. The Defendant also possessed a firearm in connection with the offense, resulting in a two-level increase. However, he qualified as a career offender. Because the § 851 Information increased his maximum sentence to 30 years, the career offender provision of the Guidelines, Section 4B1.1(a), resulted in an offense level of 34 and criminal history category of VI. After a three-level reduction for acceptance of responsibility, his total offense level was 31. He was sentenced to 188 months, the bottom of the applicable Guideline range of 188 to 235 months. The Bureau of Prisons Inmate Finder provides a release date of April 22, 2023.

One of the prior convictions that the PSR relied upon[1] to designate the Defendant a Career Offender, a 1997 conviction for possession with intent to distribute marijuana, was vacated in the Mercer County Circuit Court in 2017. Absent that prior conviction, the career offender enhancement is not applicable, and the Defendant has 10 criminal history points, establishing a criminal history category of V. As a result of the 2014 Amendment 782 to the United States Sentencing Guidelines, the drug quantity now results in a base offense level of 30. After a two-

---

1 The Defendant had an additional 2005 felony conviction for Attempt to Commit a Felony, a lesser included offense to the charged offense of Possession with Intent to Distribute a Controlled Substance (Cocaine). In its briefing on the § 2255 motion, the United States contended that the Court could have substituted that conviction for the now-vacated 1997 conviction. Fourth Circuit precedent clearly precludes substitution of a conviction not relied upon or identified as a career offender predicate at sentencing. *United States v. Winbush*, 922 F.3d 227, 231 (4th Cir. 2019).

level firearm enhancement and a three-level reduction for acceptance of responsibility, the total offense level is 29, and the applicable Guideline range is 140 to 175 months.

In addition to considering the now-applicable Guideline range, the Court must consider the § 3553(a) factors and post-sentencing conduct. Even without the now-vacated marijuana conviction, the Defendant has a lengthy criminal history, with multiple convictions for controlled substances offenses, a breaking and entering conviction, and repeated parole violations. He began abusing drugs in high school and suffers a serious addiction to alcohol, marijuana, and opiates. His disciplinary record consists of two instances of introducing drugs or alcohol to the facility in 2016 and 2018. The 2016 instance resulted in a misdemeanor charge and consecutive five-month sentence. While in prison, he obtained his GED and completed numerous educational and parenting courses.

The Court finds that a sentence reduction is appropriate under the unique facts of this case. One of the convictions that rendered the Defendant a career offender was subsequently vacated, such that he is no longer a career offender, his criminal history category dropped to V, and the bottom of his guideline range fell from 188 months to 140 months. His 188-month sentence is higher than a similarly situated defendant would likely receive today. The substantial quantity of drugs continues to warrant a significant sentence, and the Defendant's criminal history remains concerning. He has spent much of his adult life incarcerated for drug-related offenses. He is approaching the age range in which recidivism risk decreases. The six-year term of supervised release required due to the enhanced penalties for the 21 U.S.C. § 851 Information will both provide resources to help the Defendant live a law-abiding lifestyle, including much-needed

substance abuse treatment, and protect the public from further offenses by providing structure, supervision, and the potential for revocation should the Defendant violate the terms of supervision.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, as well as the applicable sentencing factors, the Court **ORDERS** that the Defendant's *pro-se* letter-form motion for a sentence reduction pursuant to the First Step Act (Document 71) and the Defendant's counselled *Memorandum in Support of First Step Act Relief* (Document 84) be **GRANTED**. The Court further **ORDERS** that the Defendant's sentence be **REDUCED** to **140 months**, but **no less than time served** as to this offense and the misdemeanor sentence imposed in 1:17-cr-00036.[2] The Court **ORDERS** that this term of imprisonment be followed by a **six-year** term of supervised release, under the terms and conditions previously imposed. Lastly, the Court **ORDERS** that the Defendant's good time credit and release date be calculated within **seven (7) days** of entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 8, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 In other words, if the Defendant has served time in excess of a 140-month sentence after applying any applicable good-time credit, extra time may be applied to the sentence imposed in 1:17-cv-36 if permissible, but may not be "banked" against any future supervised release revocation sentence. *See, e.g.*, *United States v. Jackson*, 952 F.3d 492, 501 (4th Cir. 2020) (finding that courts may consider the need to protect the public and deter future crime in crafting sentencing reductions to avoid banked time).